UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELISSA I.,

                   Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                   Defendant.

Case No. 3:18-cv-05460-TLF

ORDER REVERSING AND REMANDING

Melissa I. has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons below, the undersigned reverses defendant's decision to deny benefits and remands for an award of benefits.

                                I.     <u>ISSUE FOR REVEW</u>

Did the ALJ err in discounting plaintiff's testimony about her symptoms?

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits, alleging that she became disabled beginning October 10, 2009. Administrative Record (AR) 11, 541. The end of the relevant period is her date-last-insured, March 31, 2012. AR 543; *see Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996) (claimant must prove she became disabled before expiration of disability insured status).

This is plaintiff's third appeal to this Court based on the Social Security Administration's rejections of her application. Plaintiff's application was initially denied on initial administrative review, on reconsideration, and after a hearing before an administrative law judge (ALJ). AR 11-19. On review, this Court found the ALJ erred in considering plaintiff's subjective symptom testimony and remanded for further proceedings. AR 328-32 (February 2016 order remanding). On remand, an ALJ found in another written decision that plaintiff was not disabled. AR 252-61. On review of that decision, this Court again found that the ALJ had erred in rejecting plaintiff's testimony. AR 624-28 (March 2017 order remanding).

On remand a second time, the ALJ held another hearing, and plaintiff and a vocational expert testified. AR 560-606. In a written decision, the ALJ found that plaintiff's bipolar disorder is a severe impairment. AR 543. The ALJ concluded that during the relevant period, plaintiff could perform jobs that exist in significant numbers in the national economy and therefore that she was not disabled. AR 552-53.

Plaintiff again appealed to this Court. Dkt. 1, Dkt. 8.

## III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.*

## IV. DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is disabled, and at step four assesses a claimant's residual functional capacity (RFC) to determine whether a claimant can perform past relevant work. If the claimant cannot perform past work, the Commissioner then uses the RFC to determine at step five whether the claimant can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The Commissioner has the burden of proof at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The Commissioner can meet this burden by showing that a significant number of jobs that the claimant can perform exist in the national economy. *Id.*; 20 C.F.R. § 404.1520(e).

Plaintiff contends that the ALJ erred in discounting her symptom testimony while assessing her RFC. The Court agrees.

In weighing a plaintiff's testimony, an ALJ must use a two-step process. First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Trevizo*, 871 F.3d at 678. If the first step is satisfied, and provided there is no evidence of malingering, the

ORDER REVERSING AND REMANDING - 3

second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

Plaintiff has testified at three hearings during the disability appeal process. AR 23, 560, 637. At the most recent hearing, plaintiff again testified about symptoms from bipolar disorder and their effects on her personal and professional life. *See* AR 573-74, 581-85, 591-92, 596.

The ALJ failed to give clear and convincing reasons to discount this testimony. *See* AR 547-51.

In its previous order reversing and remanding an ALJ's decision regarding the same period, this Court held that the ALJ had failed to give clear and convincing reasons to discount plaintiff's testimony about the severity of her bipolar symptoms. Relevant to the current appeal, this Court rejected the ALJ's findings that plaintiff's testimony was "inconsistent with the medical evidence"; that "there are gaps in her treatment"; "and that she improved with medication treatment." AR 626.

First, the Court found that, as plaintiff had a severe impairment of bipolar disorder, the ALJ could not reject her testimony because of a failure to seek treatment for it. AR 626 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)).

Second, the Court reviewed the longitudinal treatment record and concluded that "the record in this case does not support the ALJ's finding that medication so improved [plaintiff's] mental limitations that her testimony should be rejected." AR 626.

And third, the Court rejected the ALJ's conclusion that plaintiff's testimony was contradicted by medical evidence. AR 627. The Court specifically rejected the ALJ's reliance on

a single note from plaintiff's first visit to her treating doctor that she was doing well to find her less limited than she testified. *Id.* (citing AR 258).

The Court also rejected the ALJ's analysis of the longitudinal treatment record and conclusions that "[o]verall, the record shows that the claimant improved with use of medications" and objective signs in the record "did not reflect any particular loss of function due to her bipolar disorder during [t]he time period at issue." AR 258-59, 627. The Court found, instead, that

> [t]he record as a whole establishes that [plaintiff] suffers from bipolar disorder; that she needs treatment and has seen Dr. Sullivan many times; that her symptoms are being treated with an increasing number of medications; and that her symptoms persist. To be sure, [plaintiff's] symptoms wax and wane. But as the Court in *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014), emphasized, "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis of concluding a claimant is capable of working.

AR 627.

The ALJ decision now before the Court offered reasons for rejecting plaintiff's testimony that are substantially similar to those this Court has already rejected: She failed to obtain treatment in the first half of the relevant period; although she received treatment in the second half of the relevant period, objective findings from that period did not show significant functional limitations; and, plaintiff's own statements from that period did not support a finding of significant limitations. AR 551.

The parties dispute only whether the ALJ offered an additional clear, convincing, and supported reason to reject plaintiff's testimony. The Court concludes that the ALJ failed to do so.

The Commissioner asserts that plaintiff's condition improved with medication over the course of the relevant period. Dkt. 9, p. 3; *see* AR 549, 551. Yet, this Court has expressly rejected this reason.

When an issue has already been decided by the district court in the same case, the law of the case doctrine generally prohibits the ALJ and the district court from re-visiting that issue and deciding it differently than it was previously decided by the district court. *See, Sullivan v. Hudson,* 490 U.S. 877, 886 (1989) (it would be legal error for the administrative law judge to deviate from, on remand, the directives of the reviewing court); *Stacy v. Colvin,* 825 F.3d 563, 567 (9th Cir. 2016) (district court has discretion to apply law of the case doctrine in Social Security appeals).

As noted above, in the previous hearing decision, the ALJ found that "[o]verall, the record shows that the claimant improved with use of medications." AR 259. This Court rejected that ALJ's reasoning as invalid and unsupported. AR 627. Accordingly, in the decision now before the Court, the ALJ may not rely on the same reasoning and conclusion to again reject plaintiff's testimony. Because the ALJ gave no valid reasons, distinguishable from those this Court already found to be legally insufficient, the ALJ erred in rejecting plaintiff's testimony.

When it is clear from the record, that if the plaintiff's testimony were credited then the award of benefits would be appropriate and there is no further purpose for holding another administrative hearing, the reviewing court should remand for an award of benefits. *Moisa v. Barnhart,* 367 F.3d 882, 887 (9th Cir. 2004).

If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018). If the district court concludes that additional proceedings can remedy the

errors that occurred in the original hearing, the court should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The record of medical evidence in Ms. Irish's case, and her testimony at three hearings, established that during the relevant period (from the onset date [October 10, 2009] to the date-last-insured [March 31, 2012]) she experienced fluctuating and severe bipolar symptoms and for at least a 12-month duration she was functionally unable to work as a result of bipolar disorder. The ALJ in the most recent hearing simply reiterated the same reasoning that was rejected by this court in its previous rulings. Where no useful purpose would be served by remanding for another administrative hearing, remand for award of benefits is warranted. *Varney v. Sec'y of Health & Human Serv.,* 859 F.2d 1396, 1399 (9th Cir. 1988). As in *Moisa v. Barnhart,* 367 F.3d 882, 887 (9th Cir. 2004), a remand for additional investigation would not be appropriate.

## V. CONCLUSION

For the reasons above, defendant's decision to deny benefits is REVERSED, and this matter is remanded to the Commissioner for an award of benefits.

Dated this 11th day of July, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge